UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JIMMY FARRIS, JR.,

      Plaintiff,

v.                                                                      CASE NO. 3:17-cv-648-J-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

      Defendant.
_____/

## ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative

decision denying his application for a period of disability and disability insurance

benefits.  Following an administrative hearing held on December 6, 2016, the

assigned Administrative Law Judge ("ALJ") issued a decision on March 20, 2017,

finding Plaintiff not disabled from August 28, 2008, the alleged disability onset

date, through March 31, 2013, the date last insured.[2]  (Tr. 626-43, 672-704.)

Based on a review of the record, the briefs, and the applicable law, the

Commissioner's decision is due to be **AFFIRMED**.

_____

[1] The parties consented to the exercise of jurisdiction by a United States
Magistrate Judge.  (Docs. 15, 17.)

[2] The case was before the ALJ on remand from the Appeals Council pursuant to
a remand from the United States District Court for the Middle District of Florida.  (Tr.
626, 656-71, 705-08.)

## I.     Standard

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.     Discussion

Plaintiff argues that the ALJ erred in evaluating Dr. Sherry V. Risch's opinions.  Although the ALJ gave those opinions great weight, Plaintiff argues

that the ALJ's residual functional capacity ("RFC") determination did not take into consideration Dr. Risch's opinions that due to pain, Plaintiff would have difficulty with reliability and predictability, and would not be able to maintain persistence and pace. The Commissioner responds that substantial evidence supports the ALJ's consideration of Dr. Risch's opinions. The Court agrees with the Commissioner.

At step two of the five-step sequential evaluation process, the ALJ found that Plaintiff had the following severe impairments: alcohol abuse, sinus infections, lumbar spine disorder, disorder of the left knee, and chronic pain disorder. (Tr. 628.) At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 628-29.) As part of this finding, the ALJ determined that Plaintiff had moderate limitations in concentration, persistence, and pace, noting, *inter alia*, Dr. Risch's opinions. (Tr. 629-30 ("It was found that the claimant was capable of maintaining concentration, persistence, and pace, but would have difficulty maintaining such due to his pain complaints (Exhibit 4F). Nevertheless, in light of the claimant's history of drug and alcohol abuse, combined with his complaints of constant pain, the undersigned finds that he had moderate limitation.").) Then, the ALJ found that Plaintiff had the RFC to perform a reduced range of light work. (Tr. 630-31.) In doing so, the ALJ

discussed and gave great weight to Dr. Risch's opinions because they were consistent with her examination findings.  (Tr. 641.)

To the extent Plaintiff argues that the ALJ did not take into consideration Dr. Risch's opinions that due to pain, he would have difficulty with reliability and predictability, and would not be able to maintain persistence and pace, his argument is rejected.  The ALJ addressed Dr. Risch's opinions both as part of the RFC determination and at step three of the sequential evaluation process when determining that Plaintiff had moderate limitations in concentration, persistence, and pace.  (*See* Tr. 630, 634, 641.)  Moreover, it appears that Plaintiff focuses on only one part of Dr. Risch's opinions without considering the subject opinions in context with the rest of Dr. Risch's impression and recommendations. Specifically, as part of her impression and recommendations, Dr. Risch stated:

> Mr. Farris complains of chronic pain and physical limitations. However, during the evaluation, there were no pain behaviors observed.  He sat comfortably and walked with a regular gait. . . . Due to his pain complaints, Mr. Farris would have difficulty with reliability and predictability.  He would not be able to maintain persistence and pace for the same reason.  From a psychological perspective, Mr. Farris is capable of maintaining persistence and pace and of being reliable and predictable.  However, his physical limitations could best be addressed by his medical physician or with a functional capacity evaluation.

(Tr. 469-70; *see also* Tr. 468 ("Although he complains of high levels of pain and discomfort, there were no observed pain behaviors.  He sat comfortably on the couch during the interview.  He walked with a regular gait. . . . There were no

observable signs that would suggest a disability.").)

Dr. Risch is a licensed psychologist who specializes in clinical and forensic psychology. (Tr. 470.) In that capacity, she was asked by the Department of Health to conduct a clinical evaluation with a mental status exam of Plaintiff. (Tr. 466.) In her one-time, psychological evaluation of Plaintiff, performed on February 23, 2011, Dr. Risch noted Plaintiff's complaints of pain and physical limitations, but ultimately concluded that from "a psychological perspective, [Plaintiff was] capable of maintaining persistence and pace and of being reliable and predictable." (Tr. 470.) Dr. Risch acknowledged that Plaintiff's "physical limitations could best be addressed by his medical physician or with a functional capacity evaluation." (*Id.*) Since Dr. Risch was a psychological consultative examiner and Plaintiff's physical condition was outside her area of expertise, the ALJ was not required to include in the RFC finding any limitations due to pain or other physical symptoms that Dr. Risch may have noted in her psychological evaluation. *See Miller v. Astrue*, 496 F. App'x 853, 859 (10th Cir. 2012) (rejecting the claimant's assertion that a psychologist is qualified to render an opinion regarding the claimant's physical impairment); *Brown v. Comm'r of Soc. Sec.*, 425 F. App'x 813, 8018-19 (11th Cir. 2011) (per curiam) ("To the extent that Dr. Wilson concluded that [the claimant] was unable to work because of physical problems, his opinion was entitled to little weight because he was a psychologist rather than a physician."); *see also* 20 C.F.R. § 404.1527(c)(5) ("We generally

5

give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist."). Based on the foregoing, the Court does not find any error in the ALJ's consideration of Dr. Risch's opinions and the Commissioner's decision is due to be affirmed.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on May 21, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record